# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6245 | **DATE** | 11/28/2012 |
| **CASE TITLE** | Aguilar vs. Elite Care Management, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Amend/Correct Answer to Complaint [10] is granted.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiffs Laura Aguilar and Melissa Datro filed a complaint against Defendant Elite Care Management, Inc. ("Elite") on August 8, 2012, for discrimination in employment based on religion and sex, in violation of 28 U.S.C. § 2000e-2. In the complaint, Plaintiffs allege that Elite hired them as home health care associates, and that they were sexually harassed by one of Elite's clients, who also subjected them to slurs about their religion and, in Datro's case, her Polish nationality. When they reported the conduct, Elite's owners allegedly reprimanded them and subsequently gave them negative performance evaluations. They were then fired. Plaintiffs allege that they were discriminated against and discharged in violation of § 2000e-2 because Elite knew or should have known about the client's conduct and failed to stop it.

Elite answered the complaint on October 15, 2012. Now before the court is Elite's motion, filed on October 29, 2012, and presented to the court on November 7, 2012, to amend its answer and affirmative defenses. Elite wishes to include an "after-acquired evidence" defense based on the fact that Plaintiffs' initial disclosures allegedly demonstrate that they possess confidential medical information about a patient, in violation of Elite's policies and procedures. The after-acquired evidence doctrine allows an employer to limit its damages if it can prove that a legitimate reason for an adverse employment action existed which was discovered after the action was taken. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995). Plaintiffs oppose the motion to amend the answer, arguing that Elite has not alleged facts sufficient to demonstrate that the documents are confidential or that Plaintiffs violated Elite's policies and procedures.

A party may amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Otherwise, leave to amend is "given freely when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this lenient standard, however, "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice . . . , or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

| STATEMENT |
|---|
| Here, Elite filed its amended answer on October 29, 2012, which was within 21 days of the date its original answer was filed. Elite could have amended its answer as a matter of course pursuant to Rule 15(a)(1)(A). Perhaps unnecessarily, however, Elite sought leave to amend pursuant to Rule 15(a)(2). Assuming the requirements of the latter section must be met, the court finds no evidence of undue delay, bad faith, or prejudice. Rather, Elite has moved promptly to amend its defenses, and any delay in asserting the defense has not prejudiced Plaintiffs. Plaintiffs' argument against amendment goes to the merits of the affirmative defense—which is essentially an argument that amendment is futile. The court finds, however, that the affirmative defense is sufficient on its face to meet the federal pleading requirements. *See* Fed. R. Civ. P. 8(b)(1)(A) (requiring defenses to be stated in "short and plain terms"). Elite has alleged facts sufficient to put Plaintiffs on notice of the fact that the defense may be available. Elite's motion for leave to file an amended answer and affirmative defenses is therefore granted. |